^MURRAY, J.,
dissenting with reasons.
This case presents a classic credibility call that the trial court made in favor of the plaintiff, Ms. Updegraff, and against the defendant, DOTD. To reverse that finding, manifest error must be established. See Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173. Manifest error is not established when, as here, “the trial court’s findings are reasonable in light of the record reviewed in its entirety.” 96-1027 at p. 4, 693 So.2d at 1176.
Although DOTD’s expert opined that “driver error” caused the accident, Ms. Updegraffs experts opined that the accident was caused solely by the defects in the roadway. Agreeing with Ms. Upde-graffs experts, the trial court allocated all *707 of the fault to DOTD.[1] On appeal, DOTD argues that finding is erroneous and that Ms. Updegraff should be assessed some fault based on two “driver errors”: (1) her inaction in failing to apply the brakes, and (2) her alleged impairment.
As to her inaction, Ms. Updegraff concedes that she never applied her brakes or removed her foot from the accelerator after her vehicle left the roadway. DOTD’s expert, Mr. Hall opined that her failure to do so was “driver error.” Mr. Hall stated that she left the roadway about three hundred feet ahead of the tree she |2struck and that had she applied her brakes she could have stopped. He opined that her failure to do so was unreasonable.
Ms. Updegraffs expert, Mr. Burkhardt, testified that the accident was caused by “the lack of uniformity in the road, the rut in the roadway, and the lack of shoulder from which to recover, and the steepness of the ditch.” He further testified that the steering input required for her to get out the ditch caused her to overcompensate when she reentered the roadway. As a result, her vehicle crossed the roadway at an angle hitting the tree. Mr. Burkhardt explained that braking was not only option and that even assuming she had opted to apply her brakes he did not “see much difference in what the outcome would have been.” He further opined on rebuttal that regardless of what action she took there was going to be a rollover accident and that the only difference would have been the accident location.
What the outcome would have been had Ms. Updegraff acted differently is pure speculation. When, as here, “the testimony of expert witnesses differ, it is the responsibility of the trier of fact to determine which evidence is the most credible.” 96-1027 at p. 4, 693 So.2d at 1176. The trial court’s decision to credit Ms. Upde-graffs experts and its finding of no fault on Ms. Updegraffs part for failing to apply her brakes is thus not manifestly erroneous.
As to her alleged impairment, Ms. Up-degraff testified that she consumed some beer earlier that day, took some prescription medicine for stomach cramps the day before, and smoked some marijuana ten days before the accident, yet she testified that she did not believe she was impaired. Consistent with her testimony, both the investigating officer and the eyewitness, Mr. Harris, testified that she showed no signs of impairment.
DOTD offered no expert evidence regarding the effects of alcohol on a driver. Although Ms. Updegraffs expert, Mr. Burkhardt, was questioned on that | Sissue, he replied that “[njothing in her driving history leading up to this accident indicates that she did anything improperly, as a result of being under the influence [of alcohol, opiates, or marijuana].” Indeed, he stressed her ability to successfully negotiate the curves in the roadway. The trial court was presented with this evidence and apparently concluded that she was not impaired. That factual finding is not manifestly erroneous.
Nor do I agree with the finding that the trial court was manifestly erroneous in finding the tree was located on the state’s property.
I would therefore affirm the trial court’s decision in its entirety.

. Although the majority agrees that the roadway was defective, it reverses the portion of the trial court's judgment finding the drainage ditch defective. That reasoning, however, violates the principle that appeals are taken from judgments, not reasons for judgment.